FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONICA S.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No: 1:24-CV-03090-LRS<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS |

BEFORE THE COURT are the parties' briefs.  ECF Nos. 10, 14.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Erin F. Highland.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below,

---

[1] The Court identifies a plaintiff in a Social Security case only by the first name and last initial to protect privacy.  See Local Civil Rule 5.2(c).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS - 1

Plaintiff's brief, ECF No. 10, is granted and Defendant's brief, ECF No. 14, is denied.

## JURISDICTION

Plaintiff Monica S. (Plaintiff), filed for supplemental security income (SSI) on June 12, 2015, and for child's insurance benefits based on disability on June 16, 2015, alleging disability beginning June 26, 2012 in both applications.  Tr. 247-59.  Benefits were denied initially, Tr. 126-35, and upon reconsideration, Tr. 137-48.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on February 23, 2018.  Tr. 33-71.  In April 2018, the ALJ issued an unfavorable decision, Tr. 12-32, and in February 2019, the Appeals Council denied review.  Tr. 1-6.  Plaintiff appealed to the United States District Court for the Eastern District of Washington and in May 2020, the Honorable Stanley A. Bastian issued an order reversing and remanding the case for further administrative proceedings. Tr. 548-72.

A second hearing was held on May 27, 2021. Tr. 478-507. In June 2021, the ALJ issued a second unfavorable decision. Tr. 443-69. In March 2022, pursuant to the stipulation of the parties, the undersigned issued an order reversing and remanding the case for further proceedings. Tr. 955-60. A third hearing occurred on September 20, 2023. Tr. 1209-41. In March 2024, the ALJ issued a third unfavorable decision. Tr. 927-54. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 2

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1992 and was 19 years old on the alleged onset date. Tr. 944. She testified that she finished ninth grade. Tr. 49. She has tried to get a GED but has not succeeded. Tr. 490, 1215. She has no work experience. Tr. 50. On the alleged onset date, her father was fatally shot in her presence and she sustained a gunshot wound to her face. Tr. 50-51. Since then, the main issue preventing her from work is mental. Tr. 55. She has anxiety, PTSD, and depression. Tr. 51, 56, 1227. She has frequent flashbacks. Tr. 1232. She testified she socially isolates. Tr. 488, 493. When she is around people she gets frustrated and her anger builds up. Tr. 496. She lashes out at people and has outbursts of anger. Tr. 1231.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS - 3

mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS - 4

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 5

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 6

economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

With regard to child's insurance benefits based on disability, Title II of the Social Security Act provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died.  42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a).  The same definition of "disability" and five-step sequential evaluation outlined above governs eligibility for disabled child's insurance benefits.  *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2).  In addition, in order to qualify for disabled child's insurance

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 7

benefits several criteria must be met.  20 C.F.R. §§ 404.350(a)(1)-(5).  In this case, the relevant subsection provides that if the claimant is over age 18, the claimant must "have a disability that began before [she] became 22 years old."  20 C.F.R. § 404.350(a)(5).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 26, 2012, the alleged onset date.  Tr. 933.  At step two, the ALJ found that Plaintiff has the following severe impairments: borderline personality disorder, generalized anxiety disorder, major depressive disorder, posttraumatic stress disorder, and cannabis use disorder.  Tr. 933.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 933.

The ALJ then found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following additional limitations:

> The claimant can understand, remember, and carry out simple instructions and tasks. The claimant can use judgment to make simple work-related decision. The claimant cannot perform work requiring a specific production rate (such as assembly line work) or work that requires hourly quotas. The claimant can deal with only rare changes in the work setting. The claimant should have no contact with the public. The claimant can work in proximity to but not in coordination with co-workers. The claimant can tolerate occasional contact with supervisors. The claimant cannot work at heights or in proximity to hazardous conditions.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 8

Tr. 936.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 944. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 944. Thus, the ALJ found that Plaintiff has not been under a disability as defined in the Social Security Act from June 26, 2012, through the date of this decision. Tr. 9.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income and child's insurance benefits under Title II and XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony;

2. Whether the ALJ properly considered the medical opinion evidence;

3. Whether the ALJ properly evaluated the lay witness statements; and

4. Whether the matter should be remanded for an award of benefits.

ECF No. 9 at 2.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS - 9

## DISCUSSION

As noted above, Plaintiff alleges the ALJ made several errors in evaluating the evidence of record. ECF No. 10. Defendant concedes the ALJ made reversible errors in evaluating the medical opinion evidence by failing to consider the opinions of David Morgan, Ph.D., and by failing to offer legally sufficient reasons for giving little weight to the opinions from N.K. Marks, Ph.D., Phyllis Sanchez, Ph.D., and Melanie Edwards Mitchell, Psy.D. Each of these opinions found that Plaintiff had marked or severe limitations in numerous areas of functioning. Tr. 338, 372, 378, 381, 773, 779. The only outstanding issue is the proper remedy. Plaintiff contends she should be determined disabled and receive an immediate award of benefits. Defendant contends there are outstanding issues which require reconsideration of the medical opinion evidence and that there are serious doubts about Plaintiff's claim of disability.

The Social Security Act permits the district court to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Garrison*, 759 F.3d at 1019. When a district court reverses the decision of the Commissioner of Social Security, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir.2015) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Although a court should generally remand to the agency for additional investigation or explanation,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 10

the court also has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).

Under the credit-as-true rule, the Court may order an immediate award of benefits only if three conditions are met: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, (2) there are no outstanding issues that must be resolved before a disability determination can be made and further administrative proceedings would serve no useful purpose, and (3) when considering the record as a whole and crediting the improperly discounted testimony as true, there is no doubt as to disability. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). However, even if all three criteria are met, the decision to remand for an award of benefits or remand for further proceedings is within the district court's discretion. *Id.*

The first step of the credit-as-true rule is met, as the parties agree the ALJ failed to provide legally sufficient reasons for rejecting multiple medical opinions which include disabling limitations if credited.

The next question is whether the record is fully developed and whether further administrative proceedings would be useful. Administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), or if the additional evidence "may well prove enlightening" because of the passage of time. *I.N.S. v Ventura*, 537 U.S. 12,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 11

18 (2002); *cf. Nguyen v. Chater*, 100 F.3d at 1466-67 (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill v. Shalala*, 12 F.3d at 918, 919 (9th Cir. 1993) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (same).

The Court notes this matter has been pending for nine years. There have been three hearings, two ALJ decisions, and two U.S. District Court remands. All but one of the medical opinions in this case have been before the ALJ at least twice. There is no indication that further development of the record is necessary. The question is whether there are conflicts or ambiguities which must be resolved with further administrative proceedings.

The Court finds the opinion evidence supports disability. In May 2015, Dr. Marks opined that Plaintiff has severe limitations in six functional areas with an overall severity rating of severe. Tr. 338. That same month, Dr. Sanchez reviewed Dr. Marks' opinion and found the severity and functional limitations are supported by medical evidence. Tr. 372. In May 2017, Dr. Marks again evaluated Plaintiff and assessed marked limitations in seven functional areas and severe limitations in four functional areas with an overall severity rating of marked. Tr. 377-78. Later that month, Dr. Edwards Mitchell reviewed Dr. Marks' opinion and found the narrative supports the functional limitations, noting "very poor prognosis for gainful employment." Tr. 381. In July 2019, Dr. Morgan opined Plaintiff has marked

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 12

limitations in five basic functional areas, including that ability to perform activities within a schedule and maintain regular attendance; adapt to changes in a routine work setting, communicate and perform effectively in a work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 779. In June 2020, Dr. Morgan opined that Plaintiff has marked limitations in the same basic functional areas, plus a marked limitation in the ability to perform routine tasks without special supervision and an overall severity rating of marked. Tr. 773. Defendant concedes the ALJ erred by either overlooking or failing to sufficiently address each of the foregoing six opinions.

In addition, the record contains the November 2015 opinion of CeCilia R. Cooper, Ph.D., who opined that Plaintiff's ability to understand is sufficient to remember and complete two- to three-step tasks; she can reason; she is able to remember written material; when she is required to interact frequently with others her ability to maintain concentration is apt to be poor because of anxiety; if she has a comfortable routine to follow by herself, her ability to concentrate would be adequate; her response to normal hazards would be appropriate; she would require moderately close supervision to ensure she completes tasks as instructed throughout a normal shift; her ability to maintain appropriate social interactions with authority figures is moderately to markedly impaired depending upon the circumstances; she would have problems with peers; she is apt to have moderate to marked difficulty adapting to changes depending upon perceived benefit. Tr. 348.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 13

This Court previously found that the first ALJ, who gave "significant weight" to Dr. Cooper's opinion, Tr. 25, "failed to resolve the internal discrepancy in Dr. Cooper's opinion" that Plaintiff 'required moderately close supervision' and her assessment that Plaintiff was moderately to markedly able to maintain appropriate social interactions with people in authority." Tr. 562-63. The matter was remanded; on remand, the second ALJ decision also gave "significant weight" to Dr. Cooper's opinion, but it also appears to have failed to address the discrepancy within the opinion. Tr. 459. That decision was remanded pursuant to the stipulation of the parties, so no substantive finding was made by the Court. Despite twice before finding that Dr. Cooper's opinion was entitled to "significant weight," in the current decision, the ALJ accorded "little weight" to the opinion for several reasons, none of which addresses the issue upon which this matter was originally remanded. Tr. 941.

Furthermore, the three reasons given by the ALJ for giving little weight to Dr. Cooper's opinion are insufficient. First, the ALJ found that Dr. Cooper's assessment is "somewhat vague and not otherwise defined, described in detail, explained and/or quantified," and "fail[s] to set forth the claimant's maximum capabilities." Tr. 941. While an ALJ may may reject an opinion that does "not show how [the claimant's] symptoms translate into specific functional deficits which preclude work activity," *Morgan v. Comm'r Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999), the claimant's "maximum capabilities" are an RFC assessment, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and "[i]t is clear that it is the responsibility of the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 14

ALJ, not the claimant's physician, to determine [RFC]." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

Second, the ALJ found Ms. Cooper's opinion inconsistent with mental status exams "during this period." Tr. 941 (citing Tr. 1173, 1177-78, 1181, 1189-90, 1208). The five records cited by the ALJ are counseling records from November and December 2021, April 2022, and September 2023, six to eight years after Ms. Cooper's opinion. Furthermore, the reliance on these five counseling records ignores that these and other records include findings such as presenting anxious, agitated, irritable, with flat affect, pressured speech, angry, sad, tearful, and depressed. *E.g.*, Tr. 847, 853, 866, 1173, 1177, 1205, 1208. Third, the ALJ rejected Ms. Cooper's opinion because it was based on a single exam and not a review of the record. Tr. 943. This is inconsistent with the regulations indicating that more weight should generally be assigned to an examining physician than a reviewing physician. 20 C.F.R. 404.1527(c). None of these reasons are legally sufficient.

After the last remand, an additional mental health opinion was added to the record from psychiatric mental health nurse practitioner Joyce Austin, PMHNP-BC, who examined Plaintiff in April 2022. Tr. 1185-1193. Ms. Austin diagnosed generalized anxiety disorder, posttraumatic stress disorder, and major depressive disorder and opined that while Plaintiff is able to understand, remember, and carry out simple and complex instructions, she is not able to sustain concentration and persist in work-related activity at a reasonable pace, including regular attendance at

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 15

work and completing work without interruption; and she is not able to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace. Tr. 1191. The ALJ also gave "little weight" to Ms. Austin's opinion.

The ALJ gave four reasons for assigning little weight to the opinion, none of which are sustainable. Tr. 943. First, the ALJ found that Ms. Austin's ratings "are not otherwise described, in detail, explained, and/or quantified (i.e., never, occasionally, or frequently)." Tr. 943. The words "not able to" means that Ms. Austin found Plaintiff unable to perform those functional activities which the Court concludes is an adequate quantification. Second, the ALJ found Ms. Austin's opinion inconsistent with her observations and mental status exam, particularly that Plaintiff "did not appear to be responding to internal stimuli, under the influence of alcohol, cannabis, or other psychoactive substances, display signs of loosening of associations, paranoia and/or paranoid delusional thinking, or other indicators of psychotic process." Tr. 943. There is no evidence in the record tying Plaintiff's impairments to these types of symptoms and the absence of such symptoms says nothing about the support for Ms. Austin's report.

Third, the ALJ found that Ms. Austin's ratings are inconsistent with the record because the record indicates:

> the claimant has not experienced episodes of deterioration that would have required the claimant to be hospitalized or absent from work, as it does not appear that the claimant required any crisis intervention,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 16

> emergency room evaluation, involuntary psychiatric admission, and/or inpatient psychiatric hospitalization for any self-inflicted injuries, erratic, or violent behaviors, altered mental status, suicidal thoughts, symptoms of psychosis, alcohol intoxication, nausea, vomiting, cannabis withdrawal symptoms, or other physiological illnesses during this period.

Tr. 943. Again, the absence of extreme symptoms has little to do with the weight to be assigned to Ms. Austin's limitations. There is no showing by the ALJ that any of these absent symptoms would or should be expected in this case or that such findings are required as the basis for assessing disabling limitations. Lastly, the ALJ rejected Ms. Austin's opinion because it was based on a single exam and not a review of the record. Tr. 943. As above, this is counter to the regulations indicating that more weight should generally be assigned to an examining physician than a reviewing physician. 20 C.F.R. 404.1527(c).

The only opinions in the record given weight by the ALJ are the opinions of the state agency reviewing psychologists, Patricia Kraft, Ph.D., and Carla Van Dam, Ph.D. who reviewed the record in August 2015 and November 2015, respectively. Tr. 74-90, 93-118. Dr. Kraft opined Plaintiff is able to understand and recall simple one- to three-step tasks; would have difficulty maintaining adequate attention and concentration with subjects involving complex tasks or multitasking; is able to sustain adequate concentration, persistence, and pace with simple tasks that are routine over a two-hour period with customary breaks in an eight-hour day; would require work where interaction with the public was superficial and no more than

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 17

occasional; she is able to accept normal supervision but would require clear boundaries with supervisors; is able to work in proximity to, but not in close coordination with coworkers; and would be able to sustain productive activity in a work environment with only occasional change that is otherwise routine; she would do best with production goals as opposed to quotas. Tr. 80-81. Dr. Van Dam made the same findings. Tr. 101-02. However, the vast majority of the record developed after Dr. Kraft and Dr. Van Dam opined in 2015; they were unable to consider the later opinions of Dr. Marks (2017), Dr. Edwards Mitchell, Dr. Morgan, Dr. Cooper, or Ms. Austin, which are all essentially consistent in the ultimate conclusion.

In summary, Defendant concedes six opinions were not properly considered by the ALJ. Plaintiff challenges the weight the ALJ assigned to the remaining opinions, and Defendant does not specifically address those assignments of error. The Court concludes two additional opinions were not properly considered by the ALJ. Defendant argues that conflicts in the evidence remain because the ALJ should reassess the improperly rejected medical opinions and decide which limitations should be included in the RFC. However, as the Ninth Circuit observed in *Garrison*, "our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the [] credit-as-true analysis." *Garrison v. Colvin*, 759 F.3d 995, 1021-1022 (9th Cir. 2014). Accordingly, after crediting the improperly rejected opinions, the Court concludes remand for an award of benefits is

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR AWARD OF BENEFITS - 18

the appropriate remedy as there is no "serious doubt" as to whether Plaintiff is in fact disabled.

**Accordingly, IT IS ORDERED:**

1.  Plaintiff's Brief, **ECF No. 10**, is **GRANTED**.

2.  Defendant's Brief, **ECF No. 14**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for immediate calculation and award of benefits consistent with the findings of this Court.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 26, 2026.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 19